IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PABLO MERAZ-MENDOZA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-0032-C-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| KIM JONES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On January 18, 2008, Idaho state prisoner Pablo Meraz-Mendoza filed a Petition for Writ of Habeas Corpus.  The Court is required to screen habeas petitions upon receipt to determine whether they are subject to summary dismissal.  *See* 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Habeas Rule 4.

After reviewing the Petition in this case, the Court has concluded that it plainly appears Petitioner would not be entitled to relief.  Accordingly, this case shall be dismissed.

### BACKGROUND

After a jury trial in state court in 1993, Petitioner was convicted of one count of conspiracy to deliver heroin and several counts of trafficking in controlled substances.  His sentences totaled an aggregate of 20 years to life in prison.  The judgment was affirmed on direct appeal.

**MEMORANDUM ORDER - 1**

In 2003, Petitioner initiated a habeas corpus action in this Court challenging his convictions on several grounds.  (Case No. CV 03-0461-S-MHW, Docket No. 1.)  United States Magistrate Judge Mikel H. Williams concluded that the petition had been filed after the expiration of the one-year statute of limitations, and the case was dismissed.  (Case No. CV 03-0461-S-MHW, Docket No. 13.)  Judgment was entered on August 18, 2004, and the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Case No. CV 03-0461-S-MHW, Docket Nos. 14, 29.)

In this new habeas action, Petitioner raises three claims:  (1) he contends that he has been denied due process of law and access to the courts because Idaho statutory provisions do not define precisely what a sentence of "life imprisonment" is; (2) he alleges that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney did not recognize that a life sentence "appears to be 30 years"; and (3) he claims that the lack of a precise definition shifts the responsibility of determining the length of his punishment from the Idaho courts to the Commission of Pardons and Paroles, in violation of the constitutional doctrine of separation of powers.

## DISCUSSION

The Court has reviewed the Petition and concludes, for the reasons that follow, that it must be summarily dismissed

First, under to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), specifically 28 U.S.C. § 2244(b), a state prisoner is prohibited from bringing a "second or successive" application for habeas relief unless he has first demonstrated to the

**MEMORANDUM ORDER - 2**

appropriate Circuit Court of Appeals that his claims fit within one of two narrow exceptions. 28 U.S.C. § 2244(b)(2),(3).   A new habeas petition that has been filed after a previous petition was dismissed on statute of limitations grounds, as here, is a "second or successive" one under AEDPA.  *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 227 F.3d 764, 766 (7th Cir. 2003); *cf. Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (first petition dismissed for procedural default).  Petitioner has not indicated that the Ninth Circuit Court of Appeals has authorized him to proceed with a new application for habeas relief in this Court, and his Petition must be dismissed on that basis.

Alternatively, even if this were not a second or successive habeas application, it plainly appears that Petitioner would not be entitled to relief.  Setting aside serious questions regarding whether the new Petition is timely, *see* 28 U.S.C. § 2244(d)(1), and whether the constitutional claims that Petitioner raises here were fairly presented and properly exhausted in the Idaho Supreme Court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the claims are without merit.

Petitioner's core legal theory seems to be a variation of a similar argument that other Idaho prisoners have made recently, in which they claim that because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years for purposes of *release* from prison.  That argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), in which the Idaho Supreme Court noted that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences."  *Id*. at 260.

**MEMORANDUM ORDER - 3**

Thus, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years.  In rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243.[1]

The Court of Appeals recently expressed its opinion more strongly, holding that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)).  According to this authority, then, when determining the potential maximum term that a prisoner may eventually be required to serve in Idaho–as opposed to calculating parole eligibility–life means life.

Furthermore, whatever ambiguity that may have existed in Idaho law decades ago does not exist with respect to Petitioner's sentence, which was imposed after the Idaho

---

[1]  The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM ORDER - 4**

Legislature enacted the Unified Sentencing Act. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986").  Under the Act, the trial court sets a minimum period of confinement, during which the defendant is not eligible for parole, and a subsequent indeterminate period of confinement that cannot exceed the maximum statutory punishment for the crime.  Idaho Code § 19-2513.

Consistent with the provisions of the Act, the trial court in this case sentenced Petitioner to various minimum periods of confinement on different counts, totaling twenty years, and a maximum of life in prison.  In other words, Petitioner will be required to serve at least twenty years in prison before he can be considered for release, and if he is not released after that time, he will remain in prison until the end of his natural life.  Petitioner's sentence falls within the range authorized by Idaho law, and it is not ambiguous or arbitrary.

For all of these reasons, it plainly appears that Petitioner would not be entitled to relief in the district court, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for In Forma Pauperis Status (Docket No. 1) is GRANTED.

**MEMORANDUM ORDER - 5**

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

DATED: **January 23, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 6**